UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAYLIN HARRIS,

Case No. 4:25-cv-13353

Plaintiff,

v.

F. Kay Behm
United States District Judge

JAMES COLE, JR., *et al.*,

Curtis Ivy, Jr.
United States Magistrate Judge

Defendants.

_____/

## ORDER ON MOTIONS (ECF Nos. 16, 21, 24, 26, 27)

Pending before the Court is Plaintiff Jaylin Harris' *Motion for Leave to File Second Amended Complaint* (ECF No. 21), *Amended Motion for Leave to File Second Amended Complaint* (ECF No. 24), *Motion for Protective Order and Injunctive Relief* (ECF No. 26), and *Emergency Motion for Protective Order and Limited Injunctive Relief* (ECF No. 27); and Defendants City of Detroit Police Department ("DPD") and Officers James Cole, Jr., Samuel Pionessa, and Earl Monroe's ("Individual Officer Defendants") *Motion to Dismiss* (ECF No. 16). The case was referred to the undersigned for all pretrial proceedings. (ECF No. 9).

### A.    Motions to Amend

Plaintiff, who is proceeding *pro se*, filed his initial 42 U.S.C. § 1983 complaint on October 21, 2025, and amended as a matter of right on December 5, 2025, asserting claims for violations of his Fourth and Fourteenth Amendment

rights due to the fabrication of evidence; First Amendment retaliation; *Monell* liability; and state law intentional infliction of emotional distress.  (ECF No. 1, 12). Defendants filed a motion.  (ECF Nos. 15, 16).  On December 19, 2025, Defendants moved to dismiss Plaintiff's First Amended Complaint.  (ECF No. 16). Plaintiff subsequently sought leave to amend his complaint.  (ECF Nos. 21, 24)

In his motion for leave to file an amended complaint, Plaintiff explains that he has "obtained new information directly relevant to his fabrication-of-evidence claim."  (ECF No. 21).  Plaintiff states that he has been in contact with a witness who interacted with Defendant Monroe regarding the May 26, 2024, incident that serves as the basis for Plaintiff's claims.  (ECF No. 21, PageID.92).  The witness indicated that Defendant Monroe "instructed and pressured" them to make untrue statements.  (*Id.*)  Plaintiff further states that the witness indicated that the statements attributed to them resulted from coercion and the witness refused to testify under false pretenses.  (*Id.*; ECF No. 24, PageID.127).  Plaintiff's proposed amended complaint is similar to his operative complaint, but Plaintiff has added additional factual support that Defendants fabricated evidence related to the underlying event.  (*See* ECF No. 21-1, PageID.96–101).

Federal Rule of Civil Procedure 15 provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Of importance here, Plaintiff does not seek to add claims

or additional defendants but seeks to clarify his current allegations.  Therefore, Plaintiff's motion for leave to file a second amended complaint is granted, and Defendant's motion to dismiss is denied without prejudice.

## B.      Motions for Protective Order and Injunctive Relief

On April 7, 2026, Plaintiff filed two motions seeking a protective order and injunctive relief.  (ECF Nos. 26–27).  Plaintiff asserts that he is "under a court order in a separate family matter requiring child custody exchanges to occur inside a police precinct, making Plaintiff's presence at [DPD] mandatory—not voluntary," and creates an unavoidable proximity to law enforcement personnel. (ECF Nos. 26, PageID.143; 27 at PageID.147).  Plaintiff claims that on March 22, 2026, he was assaulted by officers at the 7th Precinct while complying with his court-ordered custody exchange.  (*Id.*).  Plaintiff alleges that Defendants' counsel has demanded that Plaintiff cease going to the police precinct and threatened court intervention.  (*Id.*).  Plaintiff claims that he "has not engaged in harassment, intimidation, or improper direct contact with, represented Defendants, and seeks to ensure that all parties comply with lawful procedures."  (*Id.*).  Plaintiff seeks that there be no direct contact between the Parties outside formal legal proceedings, including all communications occur through counsel or court filings; no harassment intimidation, or retaliatory conduct; and clarify that Plaintiff's presence

at the police precinct for court-ordered custody exchanges cannot be used as a basis for sanction.  (ECF Nos. 26, PageID.144; 27 at PageID.150).

Defendants respond that since the litigation has been pending Plaintiff has "continued to contact or attempt to contact DPD officers and the named individual Defendants he has sued concerning the subject matter of this litigation."  (ECF No. 28).  Defendants' counsel notes that shortly before Plaintiff filed the underlying motions, he participated in an email exchange regarding this issue and attached the email chain as an exhibit, which will be discussed further below.  (*See* ECF No. 28-1).  Defendants agree that Plaintiff should be "allowed to comply with the Michigan State Court family law order," but argue that he should not be contacting or communicating with the officers who are represented by counsel about the subject matter of his pending lawsuit.  (ECF No. 28, PageID.157).  Defendants also state that they agree with Plaintiff's requested relief as "[t]hat is what Defendants want – for there to be no direct contact between Plaintiff and Defendants concerning the subject matter of the litigation."  (*Id.*).  Defendants assert that if Plaintiff agrees to not communicate with Defendants on the subject matter of this litigation, then Defendants agree to not communicate with Plaintiff and that Defendants have not sought to interfere with his court-ordered custody exchanges at DPD.  (*Id.*).

4

The email chain makes clear that Defendants' counsel has requested Plaintiff to "stop going to the DPD precincts seeking to communicate with DPD officers about the *Gilbert Orr v. Rose Faraad* matter or the alleged May 26, 2024 incident and subsequent investigation that is the subject of [his] pending lawsuit against Samuel Pionessa, Earl Monroe, and James Cole." (ECF No. 28-1, PageID.160–61).  Counsel further noted that he made a previous request on March 5, 2026, and Plaintiff did not respond to confirm his understanding that he "will not contact the named Defendants directly again about the subject matter of [the] pending lawsuit." (*Id.* at PageID.161).  Defendants' counsel stated that, if necessary, he would seek court intervention if the direct communications continued.  (*Id.*).  The email chain also shows that Plaintiff responded that as a victim he has "every legal right to seek information, ask questions, and follow up regarding [his] case, including matters related to *Gilbert Orr v. State of Michigan*." (*Id.* at PageID.160).  Plaintiff claims that Defendants' request that he cease direct communication with Defendants on the subject matter of this case "interferes with [his] compliance with a court order and [his] lawful presence at that location." (*Id.*).  The email chain also reflects that Plaintiff had copied the Individual Officer Defendants on emails to counsel after this case was initiated.  (*Id.* at PageID.162–63).

The Parties are already under an obligation to "not communicate about the subject of the representation with a person whom the lawyer knows to be

represented in the matter by another lawyer, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."  Mich. R. of Pro. Conduct 4.2 (2026); *see also* A.B.A. Model R. of Pro. Conduct 4.2 (1983); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Alticor, Inc.,* 472 F.3d 436, 438 (6th Cir. 2007) (applying the Michigan Rule of Professional Conduct to regulate the conduct of attorneys in federal courts).  The comments to Rule 4.2 adds that "[t]his rule also covers any person, whether or not a party to a formal proceeding, who is represented by counsel concerning the matter in question," but does state that the "rule does not prohibit communication with a party, or an employee or agent of a party, concerning matters outside the representation."  *Id.*  Rule 4.2 was made applicable to attorneys practicing in this District through Local Rule 83.20(j).  E.D. Mich. L.R. 83.20(j).  Further, "[a]lthough plaintiff, as a non-attorney, is not technically bound by the Rules of Professional Conduct, in [his] capacity as a *pro se* plaintiff []he is nevertheless required to refrain from directly contacting the named defendants in accordance with Rule 4.2."  *Gaines-Hanna v. Farmington Pub. Sch. Dist.*, No. 04-CV-74910-DT, 2006 WL 891434, at *1 (E.D. Mich. Mar. 31, 2006) (citing *Bisciglia v. Lee*, 370 F. Supp. 2d 874, 879 (D. Minn. 2005)).

Since the Parties are already required to refrain from the conduct Plaintiff seeks to prevent—conduct that Plaintiff himself appears to participate in—Plaintiff's motions are not the appropriate vehicle for the relief he seeks.

6

Plaintiff's belief that he has "every right" to discuss the subject matter of this litigation with the officers and uses his presence at the police department for a court ordered custody exchange as the pretext, is incorrect.[1]  Plaintiff chose to file his lawsuit, and he has obligated himself to comply with the rules and procedures of this Court.  The undersigned makes it very clear that any party who participates in direct contact with another party on the subject matter of this litigation, other than through counsel for Defendants or filings on the docket, will be subject to sanctions if the opposing party so moves.  Also, if any interference with Plaintiff's court ordered custody exchange occurs, he needs to seek enforcement of that order in the appropriate court where the order was issued.  In the alternative, since the Parties appear to agree to the relief sought, but simply want the relief to be reciprocal, the Parties are welcome to meet and confer and enter into a stipulated protective order and submit a proposed order to the Court.

For the reasons stated, Plaintiff's motions for a protective order or injunctive relief are denied.

---

[1] While Plaintiff did not attach a copy of the court order in his state court family law matter, the undersigned would find it hard to believe that such order would require Plaintiff to communicate with DPD officers related to the subject matter of this litigation while participating in a child custody exchange.  And unless explicitly stated in the court order, the exchange may occur in the parking lot of the referenced DPD precinct.  That said, Plaintiff shall not use his required presence at DPD for a court-ordered custody exchange as a basis to speak with officers about the subject matter of this litigation.

## C.   Service of Process

In their motion to dismiss, Defendants' counsel noted that the Individual Officer Defendants have not been properly served.  (ECF No. 16, PageID.55 n.1). Plaintiff responded seeking clarification from the Court on the issue as Defendants' counsel has filed a motion to dismiss on the merits on behalf of all Defendants. (ECF No. 18, PageID.73).

The United States Marshals Service ("USMS") attempted to serve the Individual Officer Defendants at the address provided by Plaintiff via certified mail.  (ECF Nos. 7, 8, 14).  Despite the USMS attempting to properly serve Defendants via certified mail with signature confirmation and restricted delivery requested, the return receipts (also known as "green cards") were signed by someone other than Defendants Officer Cole, Officer Pionessa, and Officer Monroe.  (ECF No. 14).  The Federal Rules of Civil Procedure authorize Plaintiff to serve Defendants in accordance with Michigan state law.  Fed. R. Civ. P. 4(e)(1).  In turn, Michigan law allows a plaintiff to serve an individual by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee."  MCR. 2.105(A)(2). Importantly, mailed service is only proper under Michigan law "when the *defendant* acknowledges receipt of the mail." *Id.* (emphasis added).  The certificates of service in the record show that London Peoples (or someone to that

8

effect) signed the green cards.  (ECF No. 14).  As the postal carrier failed to follow the restricted delivery and Defendants did not sign in receipt of the summons and complaint or otherwise appear, they had not yet been properly served.  Even so, that does not end the discussion.

On December 19, 2026, Defendants' counsel filed a motion to dismiss on behalf of all Defendants.  Defense counsel included a footnote that states that the Individual Officer Defendants had not been served yet, but he is filing the motion to dismiss on behalf of all Defendants "[i]n hopes of avoiding wasteful and time-consuming motion practice before the Court."  Defendants' counsel also indicated that until Plaintiff made contact with one of the officers and counsel contacted the other two, none of the officers were aware a lawsuit had been initiated against them.  (*Id.*).  He requested "that this issue be elevated in the District to avoid future confusion and wasteful default judgment motions being filed."  (*Id.*).  The footnote is unclear as to whether it was counsel's intent to waive service on behalf of the Individual Officer Defendants or if the footnote was intended to preserve the issue. So, the Court must address the issue for clarity's sake.

Local Rule 83.25 states that "[a]n attorney appears and becomes an attorney of record by filing a pleading or other paper or a notice of appearance. . . . Attorneys seeking to appear for purposes of providing limited legal representation must also comply with LR 83.25(b) and (c)."  E.D. Mich. L.R. 83.25(a).  While

9

defense counsel only filed an official notice of appearance on behalf of the DPD, by filing the motion to dismiss on behalf of all Defendants he effectively entered an appearance on behalf of all Defendants.  *Id.*; (*see* ECF Nos. 11, 16).  Along with selecting all Defendants when filing the motion, the first sentence of the motion states "NOW COME Defendants [DPD], Sergeant Samuel Pionessa, Detective Earl Monroe, and Captain James Cole . . ., *by and through their undersigned counsel*, for their Motion to Dismiss Plaintiff's First Amended Complaint . . ."  (ECF No. 16, PageID.54) (emphasis added).

Also, "[o]n this point, Michigan courts are clear: 'a party who enters a general appearance and contests a cause of action on the merits submits to the court's jurisdiction and waives service of process objections.'"  *HPIL Holding, Inc. v. Zhang*, 734 F. Supp. 3d 664, 695 (E.D. Mich. 2024) (quoting *Penny v. ABA Pharm. Co.*, 203 Mich. App. 178 (1993), *overruled in part on other grounds Al–Shimmari v. Detroit Med. Ctr.*, 477 Mich. 280 (2007); citing *Bauchan v. Cheatham & Acker, P.C.*, No. 211981, 2000 WL 33415950, at *5 (Mich. Ct. App. July 21, 2000); *Hartford Equities, Inc. v. Cnty. of Clinton*, No. 313443, 2013 WL 6182665, at *2 n.3 (Mich. Ct. App. Nov. 26, 2013) (noting "an action on the part of a defendant that recognizes the pending proceedings, with the exception of objecting to the court's jurisdiction, will constitute a general appearance")).  "And the Sixth Circuit similarly instructs that, when a defendant has actual notice of a suit, rules

10

governing service of process should be liberally construed." *Id.* (citing *Allstate Ins. Co. v. Utica Physical Therapy Inc.*, No. 17-CV-13823, 2018 WL 3036305, at \*3 (E.D. Mich. June 19, 2018) (citing *Rovinski v. Rowe*, 131 F.2d 687, 689 (6th Cir. 1942)).

The undersigned finds that a notice of appearance has been entered as to all Defendants under the Local Rules of this District, and the motion to dismiss lacks a fully developed argument challenging the Court's jurisdiction due to lack of service of process. Therefore, Defendants' counsel's entry of a general appearance with the district court on behalf of all Defendants on December 19, 2025, with the filing of a motion to dismiss on the merits, constituted a waiver of the Individual Officer Defendants' defective-service defense.

**D.     Conclusion**

Accordingly, it is **ORDERED** that Plaintiff's *Motion for Leave to File Second Amended Complaint* (ECF No. 21) and *Amended Motion for Leave to File Second Amended Complaint* (ECF No. 24) are **GRANTED**, and Defendants' *Motion to Dismiss* (ECF No. 16) is **DENIED** without prejudice. Plaintiff shall file his Second Amended Complaint **on or before August 3, 2026**. It is further **ORDERED** that Plaintiff's *Motion for Protective Order and Injunctive Relief* (ECF No. 26) and *Emergency Motion for Protective Order and Limited Injunctive*

11

*Relief* (ECF No. 27) are **DENIED**.  Finally, it is **ORDERED** that the defective-service defense as to the Individual Officer Defendants was waived.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: July 24, 2026                              s/Curtis Ivy, Jr.
                                                 Curtis Ivy, Jr.
                                                 United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 24, 2026, by electronic means and/or ordinary mail.


<u>s/Sara Krause</u>
Case Manager
(810) 341-7850